Silvio A. **LANZA**, Plaintiff,

v.

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD**, Defendant.

No. 62–C–703.

United States District Court
E. D. New York.

Sept. 28, 1965.

———◇———

Beldock, Levine & Hoffman, New York City, for plaintiff; Myron Beldock, New York City, of counsel.

Rein, Mound & Cotton, New York City, for defendant; Ernest E. Rosenberg, Raymond J. Hagan, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves for partial summary judgment dismissing the first cause of action on the ground that the plaintiff suffered no pecuniary loss and secondly, plaintiff had no insurable interest in the property at the time of the fire loss.

A standard New Jersey fire policy was issued to the plaintiff for the term of three years, commencing on April 9, 1961, covering real property, situated in the State of New Jersey. The New Jersey Fire Insurance Rating Organization determined the premium rates. The policy was countersigned by a New Jersey agent. In July 1957 the State of New Jersey instituted condemnation proceedings for acquirement of the plaintiff's property; on November 27, 1957, judgment was entered in favor of the State and commissioners were appointed to determine the value of the property. The plaintiff attacked the validity of the condemnation statute and was unsuccessful. The commissioners made an award of $38,425. This determination was appealed. A new trial was held after which the court awarded to the plaintiff the sum of $57,623.93. The award was entered on October 2, 1959. On November 6, 1959 the full amount thereof was eventually paid into court. During the pendency of the appeal from the judgment entered on October 2, 1959, the fire loss occurred on July 15, 1961. On May 18, 1962 the judgment entered on October 2, 1959 was affirmed by the Superior Court of New Jersey and finally on April 23, 1963 the Supreme Court of New Jersey

affirmed the determination of the Superior Court.

■ The movant urges that the law of New Jersey applies and the plaintiff contends that New York law is applicable. The plaintiff in resisting the motion alleges that the defendant is estopped and/or waived its defenses. In determining which law to apply the court considered the relevant factors, viz.: that the property is situated in the State of New Jersey; that the policy is a standard New Jersey fire policy subject to the New Jersey Fire Insurance Rating Organization concerning the premium to be charged; that the policy is subject to the New Jersey standard mortgagee clause; that the personalty coverage would apply as long as it remains in that State; that all of the condemnation litigation took place in that State; that the policy was prepared in New Jersey and countersigned there; that the insured gave a New Jersey address. The plaintiff, however, was also a resident of the State of New York. He applied for the policy through a local agent in that State who forwarded the application to Newark, New Jersey for underwriting. The plaintiff likewise forwarded the premiums to the company through his local account. These facts clearly warrant the court in concluding that this was a total New Jersey contract and its law is applicable. See Auten v. Auten, 308 N.Y. 155, 124 N.E.2d 99; In Re J. E. Schecter Corporation, E.D.N.Y., 234 F.Supp. 474.

■■ In the case at bar, at the time of the loss, the State of New Jersey was the owner of the fee. It had previously deposited the amount of the award in court for the benefit of the plaintiff or those entitled thereto. The plaintiff suffered no financial loss because he has been previously compensated by the condemnation award for the premises. Furthermore, the plaintiff is not entitled to recover under the policy for the reason that he had no insurable interest therein. To permit an insured to recover for a loss on a policy wherein he has no insurable interest would tend to constitute the policy as a wagering agreement. It is basic law that a claimant must have an insurable interest to warrant recovery for a loss under an insurance policy. At the time of the loss the State of New Jersey was the owner and held the insurable interest in the property and not the plaintiff.

The defendant, therefore, is entitled to partial summary judgment.

Settle decree on five (5) days' notice.